ROSEMARY SOONG and JAMES SOONG, Plaintiffs–Appellees, v. THE UNIVERSITY OF HAWAII AT HILO, JOYCE INABA, SHARON HANNAH, GENEVIEVE KINNEY, LARRY TEST, PATRICK W. NAUGHTON, JANICE KIDO, SONJA NOTZ, WINIFRED TATSUTA, JUDITH MILLER, ELEANOR STERLING, JEANETTE JUSTICE, as individuals, Defendants–Appellants, and **JOHN DOES 1–100, JANE DOES 1–100, DOE PARTNERSHIPS 1–100, DOE CORPORATIONS 1–100**, and **DOE LEGAL ENTITIES 1–100**, Defendants

NO. 14621

(CIV. NO. 88–235)

FEBRUARY 11, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY HAYASHI, J.

This opinion is issued in response to the United States Supreme Court's instruction that we give further consideration to

our ruling in *Soong v. University of Haw. at Hilo*, No. 14621
(Haw. Apr. 8, 1991) (mem.), in light of *Siegert v. Gilley*, 500 U.S.
___, 111 S. Ct. 1789 (1991). *See Inaba v. Soong*, ___ U.S. ___,
112 S. Ct. 40 (1991). Upon review of *Siegert v. Gilley*, we reverse
the circuit court order denying the individual defendants' motion
to dismiss the 42 U.S.C. § 1983 action.

## I.

This case arose out of the alleged constructive dismissal of
Plaintiff–Appellee Rosemary Soong (Soong) from the University
of Hawaii – Hilo's Practical Nursing Program. Soong contended
that the University, through its instructors, arbitrarily and capri-
ciously forced her to withdraw from the nursing program in 1987
and 1988 for non–academic reasons. Soong filed a complaint in
the Circuit Court of the Third Circuit alleging breach of contract
and tort claims against the University and a 42 U.S.C. § 1983 claim
against the individual instructors and administrators.

To support her claim against the individual instructors, Soong
alleged, in Count IV of her complaint, that the instructors violated
her substantive due process right guaranteed and protected by the
fourteenth amendment of the United States Constitution by forcing
her to withdraw from the University's Practical Nursing Program
for which she had a constitutionally protected right.[1] As a defense
to the 42 U.S.C. § 1983 action, the individual defendants asserted

---

[1] Soong's complaint specifically stated:

95. Defendants violated Rosemary's substantive due process right
guaranteed and protected under the Fourteenth Amendment of the United
States Constitution by arbitrarily, and/or capriciously, and/or in bad faith,
forcing Rosemary to withdraw and/or dismissing Rosemary from the Uni-
versity's Practical Nursing Program for which she had a constitutionally pro-
tected property right in.

96. Defendants, individually and/or in concert with one another acted
under color of a statute, ordinance, regulation, and/or custom or usage of the

that Soong's claims were barred by the doctrine of qualified immunity.

The University and its instructors filed a motion to dismiss or, in the alternative, for summary judgment which was denied by the circuit court. On April 8, 1991, we affirmed the circuit court denial of the State's motion, but remanded the case with instruction that the trial court determine whether Soong had exhausted all of her administrative remedies before resorting to judicial action.

The State filed a petition for certiorari in the United States Supreme Court regarding the 42 U.S.C. § 1983 action against the individual instructors. The Court vacated our judgment in *Soong* and remanded the case for further consideration in light of the Court's decision in *Siegert v. Gilley*, 500 U.S. ___, 111 S.Ct. 1789 (1991), which was decided May 21, 1991.

## II.

The individual defendants urge this court, in light of *Siegert v. Gilley*, to dismiss the 42 U.S.C. § 1983 claim because the allegations of the complaint, even if true, do not constitute a violation of any clearly established federal substantive due process right.

In *Siegert*, the United States Supreme Court clarified the analytical structure applied where a defense of qualified immunity is raised in response to an alleged violation of a plaintiff's constitutional right. The Court concluded that when a plaintiff claims a violation of a constitutional right and the defendant claims qualified immunity, the threshold inquiry is whether the plaintiff has alleged a violation of a constitutional right which was clearly

---

State of Hawaii in causing the above mentioned deprivation of Rosemary's Constitutional Rights.

97. As a result of Defendants' conduct depriving Rosemary of her rights protected under the Fourteenth Amendment of the United States Constitution, Rosemary is entitled to recover special, general, and punitive damages against the Defendants pursuant to 42 United States Code, Section 1983 and which is to be proven at trial.

established at the time the defendant acted. This first inquiry is purely a legal question. *Siegert*, 500 U.S. at ___, 111 S.Ct. at 1793. If no constitutionally protected right exists, there is no need to reach the question of qualified immunity.

In the instant case, Soong contends she has a constitutionally protected substantive due process right in continued enrollment at the University. However, Plaintiff has not shown that such a right was clearly established at the time the defendants acted.

The United States Supreme Court has twice considered whether the right to continued enrollment in university programs is a federally protected right under the substantive due process clause of the fourteenth amendment. *See Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214 (1985); *Board of Curators, Univ. of Mo. v. Horowitz*, 435 U.S. 78 (1978). In both cases, the Court merely assumed the existence of the right and then continued the analysis, finding no violation. Moreover, the concurring opinion of Justice Powell in *Ewing* suggests that it is unlikely that the Court will ever find a constitutionally protected right to continued enrollment. He wrote:

> Even if one assumes the existence of a property right, however, not every such right is entitled to the protection of substantive due process.
>
> . . . .
>
> The interest asserted by respondent — an interest in continued enrollment . . . is essentially a state–law contract right. It bears little resemblance to the fundamental interests that previously have been viewed as implicitly protected by the Constitution.

*Ewing*, 474 U.S. at 229–30 (Powell, J., concurring). *See also Mauriello v. University of Medicine & Dentistry of N.J.*, 781 F.2d 46, 52 (3d Cir.), *cert. denied*, 479 U.S. 818 (1986) (the court stated it shared Justice Powell's doubts regarding the existence of a substantive due process right of a university student to continued

enrollment, but assumed, for the sake of argument, that one existed); *Akins v. Board of Governors of State Colleges & Univs.*, 840 F.2d 1371, 1376 (7th Cir.), *judgment vacated on other grounds*, 488 U.S. 920 (1988) (noting *Ewing*, but acknowledging that no case in the circuit had established a university student's substantive due process right to continued enrollment in a program).

Although courts have assumed that individuals have a protected property right in their continuing education for the sake of due process analysis, this assumption is insufficient under *Siegert v. Gilley*. Under *Siegert* the protected right must be clearly established. In the instant case, Soong has failed to satisfy the threshold inquiry set forth in *Siegert*, the existence of a clearly established federal constitutional right. Consequently, Soong's 42 U.S.C. § 1983 action against the individual defendants must be dismissed.

Accordingly, we reverse the circuit court order denying the individual defendants' motion for dismissal or summary judgment of Soong's 42 U.S.C. § 1983 claim and order dismissal of that claim. Soong's contract and tort claims remain to be decided by the circuit court.

*Steven S. Michaels* and *Girard D. Lau*, Deputy Attorneys General, on the brief on remand, for Defendants–Appellants.

*William J. Rosdil* and *Paul K. Hamano*, on the brief on remand, for Plaintiffs–Appellees.